UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 7 |
| Michelle S. Buechel, | |
| | Case No. 23-25598-rmh |
| Debtor. | |

| | |
|---|---|
| Michelle S. Buechel,<br>            Plaintiff, | |
| | Adversary No. _____- cjf |
| v. | |
| United States Department of Education, | |
|             Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)**

Plaintiff, Michelle S. Buechel (hereinafter "Plaintiff"), by her attorneys, Krekeler Law, S.C. by Attorney Noe J. Rincon, hereby brings this Complaint against Defendant, and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises in and relates to a bankruptcy case pending in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(T).

4. Bankruptcy Rules 7001 (6), (7), and (9) require an action of this nature to be filed as an adversary proceeding.

5. Plaintiff consents to the entry of a final judgment by a United States Bankruptcy Court judge.

6. Plaintiff filed her petition for relief under Chapter 7 of the Bankruptcy Code on December 5, 2023 (the "Chapter 7 Case").

7. The Chapter 7 trustee filed its Report of No Distribution in the Chapter 7 Case on January 10, 2024.

## INTRODUCTION

8. Plaintiff seeks to discharge student loan debts that Plaintiff owes Defendants pursuant to 11 U.S.C. §523(a)(8).

## GENERAL ALLEGATIONS

9. Plaintiff is an adult resident of Wisconsin and an unmarried individual who resides at N324 Eastowne Court, Appleton, Wisconsin 54915.

10. Plaintiff is a citizen of Wisconsin residing in the Eastern District of Wisconsin.

11. United States Department of Education ("DOE") is a Department of the United States government with a principal office at 400 Maryland Avenue SW, Washington, D.C. 20202.

12. DOE is represented by United States Attorney for the Eastern District of Wisconsin, with a principal office at 517 East Wisconsin Avenue, Suite 530, Milwaukee, Wisconsin 53202.

13. Defendant is the originator and holder of the student loans which Plaintiff seeks to discharge.

### The Student Loans

14. The outstanding balance of the student loans which Plaintiff seeks to discharge in this adversary proceeding was approximately $125,058.00, which has increased since the time the underlying case was filed (plus accruing interest) (the "Student Loans").

15. The calculated monthly payment for Plaintiff's Student Loans based on a Standard Repayment Plan ("Standard Payment") is about $760.00 according to the Federal Student Aid's Loan Repayment Simulator.

### Education

16. Plaintiff obtained Student Loans from DOE for the purpose of obtaining a bachelor's degree from Bellin College in Bellevue, Wisconsin. Plaintiff attended Bellin College and graduated in 2013. Plaintiff also attended several other higher education institutions for supplemental coursework in pursuit of her degree.

17. Plaintiff utilized Student Loans to pay tuition, living expenses, and costs of attending her college and other higher education institutions.

18. After receiving her bachelor's degree in nursing, Plaintiff has obtained employment within the field of her degree.

19. Plaintiff attempted to return to school to pursue a master's degree, though the cost of attendance and additional financing required prohibited her from completing this degree.

### Employment

20. Plaintiff has been gainfully employed since graduating from Bellin College in 2013.

21. Plaintiff is currently employed as a Home Health Registered Nurse Clinical Educator for FC Compassus LLC, which has principal offices located in Brentwood, Tennessee.

### Financial and Life Circumstances – Minimal Standard of Living

22. Plaintiff does not have the present ability to pay the Student Loans while maintaining a minimal standard of living for herself if forced to repay the Student Loans.

23. The Plaintiff's income and expenses are shown in the Plaintiff's bankruptcy schedules I and J, attached hereto and incorporated herein as Exhibit A.

24. Plaintiff's monthly household living expenses do not exceed the standards as set forth by the Internal Revenue Service Collection Financial Standards (the "National Standards").

25. Plaintiff works full-time and has been gainfully employed since earning her degree.

26. Plaintiff's current monthly household expenses are subject to Plaintiff's medical expenses, which has led to Plaintiff's overall expenses exceeding Plaintiff's income notwithstanding Plaintiff's increased contributions to her Flexible Spending Account.

27. Plaintiff presently owes federal income taxes for tax year 2022 in the amount of $1,246.90 that she has been unable to pay. Plaintiff anticipates owing federal income taxes for tax year 2023, and her refund is likely to be reduced by the balance owed for tax year 2022.

## Future Inability to Pay

28. Plaintiff's present inability to pay is likely to persist in the future preventing the Plaintiff from maintaining a minimal standard of living for a significant portion of the repayment period if forced to repay Student Loans for the following reasons:

29. Plaintiff's income is unlikely to increase to an amount necessary to make the Standard Payment.

30. Plaintiff also has private student loans with a total balance owed of about 65,959.05 and a monthly repayment amount of about $516.62.

31. It is unlikely that Plaintiff could complete another degree or achieve a higher salary for doing so, given the costs of attending higher education together with the cost of her Standard Payment each month and the interest accruing on her Student Loans.

32. Plaintiff is currently 55 years old and suffers from the following physical and chronic conditions which will continue to substantially limit her ability to earn income for the for the rest of her life:

    a. Fibromyalgia, a disorder that may cause musculoskeletal pain, fatigue, and cognitive impairment;

    b. Osteoarthritis, a degenerative joint disease;

    c. Spinal Stenosis, a narrowing between vertebrae that can cause pressure on the spinal cord and surrounding nerves;

    d. Attention-Deficit/Hyperactivity Disorder;

    e. Hypertension;

    f. Gastric Reflux;

    g. Iritable Bowel Syndrome;

    h. Thrombocytopenia, low platelet count which can contribute to fatigue, difficulty clotting, and bleeding or bruising;

    i. Tinnitus, the perception of ringing or buzzing that is inaudible to others;

    j. Anxiety Disorder;

    k. Arthralgia or joint pain;

    l. Restless Leg Syndrome, a disruptive sleep disorder;

    m. A pituitary tumor;

    n. Iliac vein compression, which causes swelling in Plaintiff's left leg and foot;

o. And a "trigger finger," for which Plaintiff has been recommended surgery to correct.

33. Plaintiff has the following assets:

   a. A residence valued at about $250,000.00 and subject to a mortgage of about $171,000.00.

   b. A vehicle valued at about $25,000.00 subject to a secured claim of about $22,296.00.

   c. A 401k retirement account with about $43,000.00.

### Good Faith Effort to Repay

34. Plaintiff has made good faith efforts to maximize her income, reduce expenses and repay the Student Loans.

35. Plaintiff has been employed since graduating in 2013.

36. Plaintiff has obtained employment within the scope of her nursing degree in order to maximize her income.

37. Plaintiff has made voluntary payments on the Student Loans as they are due.

38. Upon information and belief, Plaintiff has never been in default on the Student Loans.

39. Some of the Student Loans are enrolled in the Revised Pay As You Earn ("REPAYE") repayment plan, which began in August 2023. However, one of the Student Loans is a Parent PLUS loan and is ineligible for REPAYE. The Student Loans are ineligible for the Saving on A Valuable Education ("SAVE") repayment plan due to Plaintiff's Parent Plus loan.

### CLAIM FOR RELIEF - DETERMINATION OF DISCHARGEABILITY OF STUDENT LOAN OBLIGATIONS, 11 U.S.C. § 523(8))

41. Plaintiff hereby realleges and incorporate by reference the allegations set forth in

paragraphs 1 through 40.

42. Plaintiff is entitled to discharge of the Student Loans owed to the Defendant in whole because repayment would constitute an "undue hardship" on her.

43. Further, Plaintiff meets the standard for discharge of the Student Loans set forth under *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F2d 395 (2d Cir. 1987) and adopted by the Seventh Circuit in *In re Roberson*, 999 F.2d 1132 (7th Cir. 1993).

WHEREFORE, Michelle S. Buechel, respectfully requests:

  a. Declaratory and injunctive relief;
  b. Determination in favor of dischargeability;
  c. An order discharging the Student Loans in whole upon the Plaintiff having received an Order of Discharge in her Chapter 7 Case; and
  d. All other such relief as the court deems just.

Dated this 18th day of April 2024.

KREKELER LAW, S.C.

*Attorneys for Michelle S. Buechel*

Noe J. Rincon
State Bar No. 1124893
26 Schroeder Court, Suite 300
Madison, WI 53711
Phone: 608-258-8555
Fax: 608-663-0287
Email: nrincon@ks-lawfirm.com